UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, individually and on behalf of others similarly situated,<br><br>                                  Plaintiff,<br><br>v.<br><br>OPTUM, INC.,<br><br>                                  Defendant. | Case No.: 3:25-cv-44-CAB-JLB<br><br>**ORDER GRANTING MOTION TO COMPEL ARBITRATION**<br><br>**[Doc. No. 10]** |

      On March 31, 2025, Defendant Optum, Inc., filed a motion to compel arbitration pursuant to the Federal Arbitration Act ("FAA") and to stay the case. [Doc. No. 10.] On April 18, 2025, Plaintiff John Doe filed a notice of non-opposition to the motion. [Doc. No. 11.] The Court has subject matter over the case as Plaintiff alleges Defendant violated, *inter alia*, a federal statute—the Electronic Communications Privacy Act, 18 U.S.C. § 2511(1). "A party seeking to compel arbitration has the burden under the FAA to show (1) the existence of a valid, written agreement to arbitrate; and if it exists, (2) that the agreement to arbitrate encompasses the dispute at issue." *Ashbey v. Archstone Prop. Mgmt., Inc.*, 785 F.3d 1320, 1323 (9th Cir. 2015). Defendant demonstrates that Plaintiff used Defendant's website, created an online account, and agreed to its terms of use, which included an agreement to arbitrate. [Doc. No. 10-1 at 9–13.] The agreement notes that it

1  includes "any claims relating to [the] [t]erms, or the Online Services." [*Id.* at 13.] Plaintiff
2  alleges that Defendant facilitated the tracking and interception of Plaintiff's confidential
3  medical information when Plaintiff used Defendant's website, which qualifies as an online
4  service. [Compl. ¶¶ 94–102.] Accordingly, as a valid arbitration agreement that
5  encompasses the dispute at issue exists, and Plaintiff does not oppose compelling
6  arbitration, the Court **GRANTS** the motion.

7  It is **SO ORDERED**.

9  Dated: May 21, 2025

   _____
   Hon. Cathy Ann Bencivengo
   United States District Judge